This action is brought in part for a pillow and winding sheet furnished to bury the intestate of the defendant, without his previous request, subsequent promise or plaintiff's giving notice of the charge before action brought; and I am decidedly of opinion that that part of the case cannot be supported, and I will examine the consideration whether those acts, being done by a stranger, for no one and at the request of no one, but for the purpose of interring the dead, are not in law mere acts of charity and humanity, which create no debt or legal duty; but I am satisfied by reason and analagous authority that before an action can be sustained notice must be given to the executor or administrator. Where one person officiously pays the debt of another an action cannot be supported on such officious payment (for no person can make another a debtor without his consent); but it may be admitted that the intestate dying at the house of the plaintiff, and there being no administrator to bury the corpse, the act of the plaintiff was not officious; but certainly notice of the performance of the duty must have preceded the suit, for until notice the defendant was not put in the wrong, and it would be contrary to all our notions of justice to subject a person to an action and its consequences without a resents. The consequence of the doctrine contended for by the plaintiff would in such cases lead to this, that an administrator or executor who was not on the spot might be liable to many different persons; one might furnish the plank to make a coffin, another the nails or screws, another the lining, another the ropes, another the pillow, another the shroud, and so (406) on, perhaps, to the number of twenty, and if one could support an action without notice so might each one; but the law is not so unjust. Where the liability of a person arises from an act of which he is not bound to take notice, or where the knowledge rests more peculiarly with the plaintiff, there notice is necessary. An administrator or an executor is bound to know so far as to be liable to an action for the debts of the intestate or testator, for he is his privy, he represents him; but the assignor of a negotiable note is not bound to take notice of the omission of the maker to pay the assignee upon demand; he must have notice before suit; it must be laid and proven, *Page 212 
because the omission to pay is more peculiarly known to the assignee, who has failed to get payment; so here the services are more peculiarly known to the person performing them than to the administrator. For these reasons I think the charge for funeral expenses cannot be sustained. I differ from the presiding judge below upon the question whether the difference due from the intestate on the division of the negroes among the children of his father is assets; in other words, whether the negroes allotted to him are assets to their full value or with a deduction of that sum. I think it formed a charge upon the negroes to that amount. The charge was made by the commissioners without the agency of the other children; their property to the amount of the difference was taken from them by men acting under the authority of the law, and the law would never take from them property and give them only the personal liability of the person to whom the more valuable lot was awarded; and the law which takes from them the possession of their property gives them the most ample security; in fact, so much in value of the negroes is theirs, and nothing but the impossibility of dividing them converts that property into a charge upon the negroes, together with a debt upon the child, for he takes them cum onere. Suppose the sheriff standing by (407) when the division is made, with an execution to the full amount of all that child's property, and the moment the division is made he levies on the negroes so allotted and applies them to the discharge of the execution, and if the opinion below is right such, I think, would be the consequence. I think there is no misjoinder of counts. It is perfectly settled that you may join a count against an executor charging him upon his promise as executor, that is, to pay out of the assets, with counts upon promises made by his testator; in each case the executor is liable in his representative character, that is, out of the assets. It is true the precedents furnish only cases where the testator gave birth to the obligation or received the consideration of the promise, but the reason of the thing applies to all obligations thrown upon the executor by virtue of his office; and if in this case the executor was liable to pay the funeral expenses out of the assets, without a precedent request or subsequent promise, or had specially promised to pay out of the assets, the judgment would be de bonis testatoris; and although the testator could not have received the consideration of the promise in case of funeral expenses, yet in this view of the case the executor is performing a duty in his character of executor (to say the least) which the law tolerates by enabling him to retain for the expenses of them. As therefore the plaintiff might have made out *Page 213 
such a case as would have supported the count, and if she had the judgment would have been the same as in the other counts, I can see no reason for arresting the judgment.
Cited: Parker v. Lewis, 13 N.C. 22; Jones v. Sherrard, 22 N.C. 182;Ward v. Jones, 44 N.C. 131; Ray v. Honeycutt, 119 N.C. 512.
(408)